IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| | ) | |
| In the Matter of the Personal Restraint of | ) | No.  36609-0-III |
| | ) | |
| ADRIAN RAY LOPEZ, | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |

KORSMO, J. — Adrian Lopez argues in this personal restraint petition (PRP) that his counsel rendered ineffective assistance.  The PRP largely reiterates evidentiary challenges that failed on direct appeal.  We dismiss the petition.

## FACTS

Mr. Lopez, age 20 at the time of the offenses, was convicted of two counts of first degree child rape and one count of child molestation against his 8-year-old stepsister. Two years after the incidents, she disclosed the abuse to her parents and, subsequently, various investigators.  She identified Lopez as her assailant at trial.  The first trial ended in a hung jury, necessitating a second trial.

Mr. Lopez appealed to this court, which affirmed the convictions.  *State v. Lopez*, No. 34059-7-III (Wash. Ct. App. Aug. 1, 2017) (unpublished), http://www.courts.wa.gov /opinions/pdf/340597_unp.pdf.  The appeal unsuccessfully argued prosecutorial

misconduct and various claims of evidentiary error. The Washington Supreme Court denied his petition for review. This court issued its mandate February 26, 2018.

This PRP was timely filed February 25, 2019. After receiving a response to the petition and Mr. Lopez's reply, the acting chief judge directed that the case be sent to a panel for consideration. A panel then heard the petition without conducting oral argument.

## ANALYSIS

The PRP primarily challenges the effectiveness of trial and appellate counsel, largely with respect to evidentiary matters. Several of those matters were previously considered on appeal, a fact that requires a different analysis of the alleged errors. After first discussing the general principles governing this petition, we will turn to the issues previously considered and then address Mr. Lopez's remaining claims in the order presented by his petition.

*Governing Principles*

The burdens imposed on a petitioner in a PRP are significant. Because of the significant societal costs of collateral litigation often brought years after a conviction and the need for finality, relief will only be granted in a PRP if there is constitutional error that caused substantial actual prejudice or if a nonconstitutional error resulted in a fundamental defect constituting a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). It is the petitioner's burden to

2

establish this "threshold requirement." *Id.* To do so, a PRP must present competent

evidence in support of its claims. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 885-886,

828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). In the event that a material question of

fact arises, a reference hearing may be held to determine the truth of the petitioner's

allegations. *Id*. at 886-887. It is a device to test information, not discover it. *Id*.

A petitioner also may not renew an issue that was addressed and rejected on direct

appeal unless the interests of justice require reconsideration of that issue. *In re Pers.*

*Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). A PRP can only renew an

argument made on appeal in very limited circumstances. *In re Pers. Restraint of Taylor*,

105 Wn.2d 683, 687-688, 717 P.2d 755 (1986). As explained there:

> Hence, we hold the mere fact that an issue was raised on appeal does not
> automatically bar review in a PRP. Rather, a court should dismiss a PRP
> only if the prior appeal was denied on the same ground and the ends of
> justice would not be served by reaching the merits of the subsequent PRP.
>    By "ground" we mean simply a distinct legal basis for granting relief.

*Id*. at 688.[1] The "ends of justice" will merit renewed consideration of an issue if the

petitioner establishes he was actually prejudiced by an error. *Id*. In essence, this

---

[1] The "grounds" for barring renewed consideration of an issue already decided on
appeal are broadly construed; one could not argue a new theory of trial counsel's
ineffectiveness where a different theory was rejected on appeal. *E.g.*, *In re Pers.
Restraint of Davis*, 152 Wn.2d 647, 671, 101 P.3d 1 (2004); *In re Pers. Restraint of
Stenson*, 142 Wn.2d 710, 719-720, 16 P.3d 1 (2001). In those instances where prejudice
could be established, a PRP can revisit a ground previously resolved on appeal. *Taylor*,
105 Wn.2d at 688.

limitation creates an exception to the law of the case doctrine in those instances where a petitioner can show prejudicial error.

Allegations that defense counsel failed to perform effectively are resolved under familiar standards. The Sixth Amendment to the United States Constitution guaranty of counsel requires that an attorney perform to the standards of the profession. Counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 333-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error.[2] *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-pronged test, evaluating whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim can be resolved on one ground, a reviewing court need not consider both *Strickland* prongs. *Id*. at 697.

With those principles in mind, it is time to address the petition's contentions.

---

[2] A reviewing court presumes that a "failure to object was the product of legitimate trial strategy or tactics, and the onus is on the defendant to rebut this presumption." *State v. Johnston*, 143 Wn. App. 1, 20, 177 P.3d 1127 (2007) (citing cases).

*Renewed Claims*

The petition renews claims that previously had been raised on appeal, though presented this time under a theory of ineffective assistance rather than on their merits. This is a curious decision[3] for multiple[4] reasons, although we need only discuss one of those reasons.[5] The petition fails to establish prejudicial error.

*Taylor* requires Mr. Lopez to show the existence of prejudicial error before we need revisit any of the previous claims. He does not make the requisite showing. We will briefly identify those claims.

---

[3] Where the merits of a contention have been addressed by an appellate court and found lacking, it is nearly impossible to turn a losing argument into a winning argument by claiming ineffective assistance since a stronger showing of prejudice is required to prevail on the Sixth Amendment argument. In addition, when counsel's ineffectiveness is predicated on the failure to bring a motion or make an argument, there must be a showing that the motion or argument would have prevailed in order to establish prejudice. *McFarland*, 127 Wn.2d at 333-334.

[4] Mr. Lopez also argues that cumulative error justifies reversal of the conviction. That error doctrine recognizes that multiple errors, none of which alone were significant enough to justify relief, can still result in a trial that was unfair due to the cumulative harm resulting from the errors. *Rookstool v. Eaton*, 12 Wn. App. 2d 301, 311, 457 P.3d 1144 (2020). It does not apply here since there are not multiple errors. Although we necessarily look at the cumulative impact of counsel's performance in assessing overall effectiveness, there still must be multiple errors by the attorney before there is anything to cumulate. *Id*. at 310-312.

[5] Yet another reason is that evidentiary rulings do not raise issues of constitutional magnitude. *Dowling v. United States*, 493 U.S. 342, 352, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990) (ER 404(b)). Given that fact, along with *Strickland's* presumptions of effectiveness and the need to disprove any tactical reasons for counsel's behavior, as well as the trial court's discretion to admit or reject evidence, it is exceptionally difficult to establish ineffective assistance based on the admission of evidence.

The petition claims that counsel erred by waiving the "other suspects" defense.  In the direct appeal, we considered his claim that the trial court denied the defendant his defense by granting the State's motion in limine to exclude evidence.[6]  *Lopez*, *s*lip op. at 5-6.  Since the trial attorney repeatedly told the court he was not offering an "other suspects" defense, the claim was without merit.  *Id*. at 5.  Mr. Lopez now argues that it was his actual defense and that the attorney erred by not pursuing it.  However, trial counsel clearly followed a different strategy.  Under *Strickland*, Mr. Lopez cannot establish any error, let alone make a significant showing of prejudice.[7]  We will not revisit this argument.

Similarly, the PRP's allegations that counsel was ineffective in failing to object to the prosecutor's closing argument merely recasts arguments that we rejected in the direct appeal.  Slip op. at 2-3.  On appeal, Mr. Lopez did not establish prejudicial error.  *Id*. at 2.  Presenting the same argument as a derivative claim necessarily requires the same result—

---

[6] At the first trial, defense counsel ambushed the detective with a question stating that the father had molested a different child on a different occasion.  The trial court excluded the question at the retrial.  No evidence on the topic was ever offered.

[7] The contention in the PRP that there was a strong "other suspects" defense is without merit.  The allegation that the victim's stepfather had molested someone else in the past did not provide a foundation for the defense.  *See, e.g.*, *State v. Franklin*, 180 Wn.2d 371, 325 P.3d 159 (2014); *State v. Starbuck*, 189 Wn. App. 740, 355 P.3d 1167 (2015), *review denied*, 185 Wn.2d 1008 (2016).  The slip opinion made the same point at 12 n.6.

the alleged error was not prejudicial in the first instance and does not become prejudicial by reiterating it. We will not readdress this claim.

In the direct appeal, we rejected the contention that use of the word "victim" in the prosecutor's closing argument constituted error or that it prejudiced Mr. Lopez. Slip op. at 2. Since counsel objected to the prosecutor's use of the word "re-victimized" in closing argument, Mr. Lopez cannot even show that counsel erred in this regard. The opinion also addressed the contention that references during testimony to the child as a "victim" were improper. We noted both that the issue was not preserved due to failure to object and did not constitute manifest constitutional error. *Id*. at 4. The latter observation is telling here. As we noted on appeal, the manifest constitutional error standard requires a showing of significant prejudice (dependent on the nature of the error), and Mr. Lopez did not make that showing on appeal. Since he cannot show that use of the word constituted significant prejudice to his case at trial, we need not revisit our conclusion on that topic.

Having raised the noted arguments on appeal and having failed to present new evidence or compelling authority suggesting that we erred previously, we decline to reconsider these claims.

*Remaining Ineffective Assistance Arguments*

Two of the ineffective assistance arguments relating to trial counsel remain. The first is Mr. Lopez's contention that an expert witness should have been engaged to testify

7

that the child did not fit the profile of a rape victim. This allegation is poorly supported[8] in the record and fails for numerous reasons. First and foremost, the PRP does not present any declaration from an expert opining on what testimony the defense expert would have provided, let alone explained why the unknown testimony would have been admissible.[9] In the absence of any proposed evidence, we need not consider this argument further.[10]

Finally, the petition does raise one ineffective assistance claim adequately. He argues that trial counsel should have argued for a mitigated minimum term sentence in light of his comparative youth at the time of the offenses. *See State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015). That case holds that trial courts must consider the youth of the offender at sentencing and that an exceptional sentence may be warranted when the criminal behavior exhibits the impulsiveness of youth.

---

[8] The only citation is to a declaration filed by the original trial attorney in support of a *continuance* request. Clerk's Papers (34059-7-III) at 46. There counsel requested more time to prepare for trial, noting that while he was not an expert, he did not believe the child fit the profile of a rape victim. There was no request for time to hire a witness nor any expression of desire to consult with one. The PRP itself does not provide any evidence.

[9] Normally, expert testimony is only admissible to explain counterintuitive behavior, not to opine on whether or not a victim's reactions showed that a crime did or did not occur. *E.g.*, *State v. Ciskie*, 110 Wn.2d 263, 272-280, 751 P.2d 1165 (1988). Mr. Lopez presents no authority suggesting that a court would have admitted rape victim profile testimony from his hypothetical expert.

[10] Although requesting a reference hearing, Mr. Lopez has presented no evidence to be considered at such a hearing.

In light of the fact that Mr. Lopez never admitted committing the crimes, it would have been a challenge for trial counsel to maintain the argument that Mr. Lopez was not guilty but also had acted impulsively and immaturely. Putting that issue aside, the problem for Mr. Lopez here is that he has not presented any evidence suggesting that his crimes were the products of his youth and immaturity. He relies on the pre-sentence report (PSI) that indicates Mr. Lopez suffered from no mental illnesses and had some challenges growing up, but does nothing to suggest that the crime was one that justified an exceptional sentence. Indeed, the PSI recommended the 162-month minimum term that the trial court later adopted in light of the fact the victim had suffered significantly due to her age. The information that Mr. Lopez contends his attorney should have argued was before the trial court; the judge apparently found it insignificant. If he has any additional information, the PRP simply has not reported it.

Here, the PRP fails to establish that counsel erred, let alone that the error rendered the trial court proceedings unreliable. Since he needed to do both, his claim of ineffective assistance of trial counsel fails.

*Child Trauma Testimony*

The petition very briefly contends that the trial court "caused a miscarriage of justice" in permitting testimony about "child trauma behavior" due to permitting the unchallenged testimony of several witnesses who testified that reporting delay was common in these types of case. This argument overlaps with the "victim" and expert

testimony arguments discussed under the ineffective assistance of trial counsel topic. The petition cites no authority in support of its argument, but merely incorporates those arguments.

As noted earlier, nonconstitutional error is only a basis for relief in a PRP when it results in a fundamental defect constituting a complete miscarriage of justice. *Woods*, 154 Wn.2d at 409. The petition comes nowhere close to meeting that standard. No authority supports the view that the use of the word "victim" is inherently prejudicial, nor does any authority support the view brief testimony that delayed reporting is common is a fundamental defect in a trial. Nor did the State attempt to profile the child as a rape victim because it took two years for her to report the crime.

The allegations of the petition do not establish that any error occurred, let alone such fundamental error that the trial was a miscarriage of justice. This argument is without merit.

*Ineffective Assistance of Appellate Counsel*

Mr. Lopez correctly notes that he was entitled to effective assistance of counsel in his direct appeal. *In re Pers. Restraint of Brown*, 143 Wn.2d 431, 452, 21 P.3d 687 (2001). As noted in *Brown*, a claim of ineffective assistance in this context requires a showing that a petitioner would have prevailed on appeal if counsel had raised the issue. *Id*.

He argues that any issues of merit that appellate counsel defaulted on entitle him to relief under *Brown*. Since none of the issues raised in the PRP have merit, nor have we found any of them defaulted due to failure to present them on appeal, this claim, too, is without merit.

The petition fails to meet its heavy burdens. Accordingly, the PRP is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.